IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.N. and J.N., in their Own Right and as Parents and Natural Guardians of J.N., a Minor, | : : : : | CIVIL NO. 1:14-CV-974 (Chief Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| SOUTH WESTERN SCHOOL DISTRICT, | : : : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 21st day of August, 2015, upon consideration of the motion (Doc. 37) to strike filed by plaintiffs J.N. and J.N., in their own right and as parents and natural guardians of J.N. (collectively, "plaintiffs"), wherein plaintiffs request that the court strike defendant South Western School District's ("District") statement (Doc. 31) of undisputed material facts, which was filed with District's motion (Doc. 30) for summary judgment and disposition on the administrative record, on the grounds that the summary judgment standard of review, see FED. R. CIV. P. 56, is inapposite in the context of the instant action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2); (see Doc. 38 at 2), and that "[n]othing in the IDEA or its implementing regulations requires a statement of material facts as part of the Court's modified *de novo* review" of a motion for judgment on the administrative record, (id.), and upon further consideration of the brief (Doc. 42) in opposition filed by District, wherein District contends that neither the IDEA nor its implementing regulations precludes

a litigant from filing a statement of undisputed material facts, (id. at 4-5), that "[s]ummary judgment and judgment on the administrative record are similar" and "seek identical relief," (id. at 5-6), and that the contested filing was necessary to controvert the "misleading, truncated and selective facts" presented by plaintiffs, (id. at 8), and the court finding that "a court reviewing a state agency decision under the IDEA does not adopt a traditional summary judgment standard of review," Keystone Cent. Sch. Dist. v. E.E. *ex rel.* H.E., 438 F. Supp. 2d 519, 522 (M.D. Pa. 2006); see Shore Reg'l High Sch. Bd. of Educ. v. P.S. *ex rel.* P.S., 381 F.3d 194, 199 (3d Cir. 2004) ("Although the District Court must make its own findings by a preponderance of the evidence . . . the District Court must also afford 'due weight' to the [administrative officer's] determination."); S.H. v. State-Operated School Dist. of City of Newark, 336 F.3d 260, 270 (3d Cir. 2003) (holding that a district court applies a "modified *de novo* standard" when reviewing an administrative decision under the IDEA); T.B. v. Waynesboro Area Sch. Dist., No. 1:09-CV-01693, 2011 WL 718537, at *18 (M.D. Pa. Jan. 19, 2011), report and recommendation adopted, No. 1:09-CV-1693, 2011 WL 718516 (M.D. Pa. Feb. 22, 2011) (applying a preponderance of the evidence standard of review and noting that "although the defendant titled its motion as a motion for summary judgment, it is clear that it is seeking judgment on the administrative record"), and that the IDEA does not direct litigants to file a statement of undisputed material facts in support of a motion for judgment on the administrative record, see 20 U.S.C. § 1415(i)(2)(C); e.g., D.F. *ex rel.* Fahs v. Red Lion Area Sch. Dist., No. 1:10-CV-1558, 2011 WL 7070537, at *1 n.4 (M.D. Pa. Sept. 26, 2011), report and recommendation adopted, No. 1:10-CV-1558, 2012 WL

175020 (M.D. Pa. Jan. 20, 2012) (declining to consider a statement of material facts submitted with a dual motion for summary judgment and for judgment on the administrative record, explaining that because the motion *de facto* sought "judgment on the administrative record, not summary judgment, LR 56.1 governing the submissions of Statements of Material Facts [was] inapplicable"), and it appearing that District seeks review of the administrative record in its motion (Doc. 30), and that District employs a modified *de novo* standard to argue its position, (see Docs. 32, 44), and that the order (Doc. 8) of court following the initial case management conference with counsel of record directed the parties to file "motions for judgment on the administrative record, with supporting briefs," but neither cited Local Rule 56.1 nor instructed the parties to file statements of material facts, see Local Rule of Court 56.1 ("A motion for summary judgment filed pursuant to FED. R. CIV. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."), and the court concluding that District's statement of undisputed material facts is not necessary to its motion (Doc. 30), see D.F. *ex rel.* Fahs v. Red Lion Area Sch. Dist., 2011 WL 7070537, at *1 n.4, it is hereby ORDERED that the motion (Doc. 37) to strike is GRANTED to the extent that the court will not consider the statement (Doc. 31) of undisputed material facts in the manner contemplated by Local Rule of Court 56.1, and will instead employ

said document for the sole purpose of accessing District's citations to the administrative record.[1]

                                          /S/ CHRISTOPHER C. CONNER
                                          Christopher C. Conner, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania

---

[1] District cites to its statement (Doc. 31) of undisputed material facts at length throughout its briefing on the dispositive motions (Docs. 29, 30), relying on the statement of undisputed material facts to refer the court to specific evidence within the administrative record. (See Docs. 32, 41, 44). In the interests of judicial economy, the court declines to formally strike the statement of undisputed material facts from the docket so that it may cross-reference the citations provided therein in its consideration of District's briefing.